UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**SOPHIA CARTER,**

        **Plaintiff,**

v.                                                                      Civil Action No. 4:20cv202

**R & B CORPORATION OF VIRGINIA,**
**d/b/a CREDIT CONTROL CORPORATION,**

        **Defendant.**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

    1.    This is an action by a consumer alleging damages and declaratory relief for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.,* to redress illegal direct communication with the Plaintiff, a senior citizen, after being told by counsel that she was represented by an attorney.

**JURISDICTION**

    2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

**PARTIES**

    3.    Plaintiff Sophia Carter ("Ms. Carter") is a natural person who resides in Virginia. Ms. Carter is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

    4.    Defendant R & B Corporation of Virginia,, d/b/a Credit Control Corporation ("CCC") is a Virginia corporation with its principal office located at 11821 Rocklanding Drive, Newport News, Virginia, 23606. CCC has as its registered agent Thomas J. Bayne, Jr., the president of the corporation, at 11821 Rocklanding Dr., P.O. Box 120568, Newport News,

Virginia 23612. Terry C. Fuller is listed as the vice president of the corporation, and his address is 225 Yukon St., Hampton, Virginia 23663. The principal purpose of its business is the collection of consumer debt.

5.      Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6.      On or about March 25, 2020, CCC began attempting to collect from Ms. Carter a debt that CCC alleged to be due and owing. A true and accurate copy of Defendant's March 25, 2020 dunning letter[1] is attached hereto as Exhibit 1.

7.      The purported debt was a personal medical debt and was alleged by CCC to have been incurred primarily for personal, family, or household purposes, bringing Defendant's collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

8.      Being unable to pay the alleged debt due to extremely limited financial means, Ms. Carter, a senior citizen, sought the assistance of legal aid attorneys at Legal Advocates for Seniors and People with Disabilities (LASPD).

9.      On May 8, 2020, LASPD supervising attorney Jeff Whitehead sent a letter by facsimile to CCC advising CCC of LASPD's representation of Ms. Carter and requesting that CCC cease all further collection activities and direct all future communications to LASPD's office. A true and accurate copy of Mr. Whitehead's May 8, 2020 letter is attached hereto marked Exhibit 2.

---

[1] A "dunning letter" is a letter demanding payment of a debt–*i.e.*, a collection notice. *DeCapri v. Law Offices of Shapiro Brown & Alt*, 2014 U.S. Dist. Lexis 131979, *1, n.1 (E.D. Va. 2014); *Fariasantos v.*

10. A copy of the fax transmission report showing that the fax was successfully sent is attached hereto as Exhibit 3.

11. CCC received Jeff Whitehead's May 8, 2020 letter.

12. On or about September 16, 2020, CCC sent directly to Ms. Carter another dunning letter attempting to collect the alleged debt. A true and accurate copy of the September 16, 2020 letter is attached hereto marked Exhibit 4.

13. Despite being advised by Mr. Whitehead that he represented Ms. Carter, Defendant nevertheless continued to communicate with Ms. Carter directly, in violation of 15 U.S.C. § 1692c(a)(2).

14. CCC's violations of the FDCPA were material because, although Ms. Carter had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand that collection communications cease, CCC's continued collection communication made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

15. Here, CCC's actions caused Ms. Carter to question whether she was still represented by counsel as to this debt, whether she had the right to refuse to pay this debt and whether she could demand that contact cease. This alarmed distressed and confused Ms. Carter.

16. As a result of the acts and omissions of Defendant, Ms. Carter has suffered actual damages and injury, including but not limited to, stress, mental anguish and suffering, and emotional distress.

---

*Rosenberg & Assocs., LLC*, 2 F. Supp. 3d 813, 816 (E.D. Va. 2014); *Bicking v. Law Offices of Rubenstein & Cogan*, 783 F. Supp. 2d 841, 842, n.1 (E.D. Va. 2011).

## COUNT ONE
## VIOLATION OF THE FDCPA – 15 U.S.C. § 1692c(c)
## Failure To Cease Communications And Cease Collections

17. The allegations of the foregoing paragraphs of the Complaint are incorporated by reference.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. *See* 15 U.S.C. § 1692c(c).

19. Here, the letter from Ms. Carter's agent/attorney, LASPD, told Defendant to cease communications and cease collections (Exhibit 2). By continuing to communicate regarding collection of this debt (Exhibit 4), Defendant violated § 1692c(c) of the FDCPA.

20. Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see 15 U.S.C. § 1692k.

## COUNT TWO
## Violation Of § 1692c(a)(2) Of The FDCPA –
## Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges Paragraphs 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see 15 U.S.C. § 1692c(a)(2).

23. Defendant knew that Ms. Carter was represented by counsel in connection with her debt because her attorney at LASPD had informed Defendant, in writing, that Ms. Carter was represented by counsel, and had directed a cessation of communications with Ms. Carter (Exhibit

2). By sending a collection letter directly to Ms. Carter (Exhibit 4), despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

24. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

1. Declaratory relief that the Defendant violated the Fair Debt Collection Practices Act;

2. Award Plaintiff statutory damages and actual damages against the Defendant for its violations of the Fair Debt Collection Practices Act;

3. Award Plaintiff reasonable attorneys' fees against the Defendant for its violations of the Fair Debt Collection Practices Act;

4. Award Plaintiff costs against the Defendant for its violations of the Fair Debt Collection Practices Act;

5. Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

                Respectfully submitted,
                Sophia Carter
                By Counsel

   s/   Dale W. Pittman
By: Dale W. Pittman, VSB#15673
Counsel for Sophia Carter
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com